Donald Sedor v. Commissioner.
Sedor v. Commissioner
Docket No. 5310-70 SC.
United States Tax Court
T.C. Memo 1971-187; 1971 Tax Ct. Memo LEXIS 144; 30 T.C.M. (CCH) 774; T.C.M. (RIA) 71187; August 3, 1971, Filed Herbert Laskin, 9171 Wilshire Blvd., Beverly Hills, Calif., for the petitioner. Allan D. Teplinsky, for the respondent. 775 JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: Respondent determined a deficiency of $132.00 in petitioner's Federal income tax for the year 1967. The issue for decision is whether petitioner provided over half of the total support for his daughter Robin during 1967, thus entitling him to claim a dependency exemption deduction for her under sections 151 and 152, Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and accordingly are found. The petitioner (Donald) was a resident of Placentia, California at the time of filing the petition herein. Donald and Carol Sedor (now Carol Saltzman) were married *145 on February 7, 1959 in North Hollywood, California. Robin Paula Sedor, their only child, was born on December 27, 1961. Donald and Carol voluntarily separated on June 27, 1966. On April 13, 1967, an interlocutory judgment of divorce was entered. Under its provision, Carol was awarded custody of Robin, subject to reasonable visitation rights awarded to Donald. During 1967, Donald paid $1,200 ($100 per month) to Carol toward the support of Robin. From January through April 13, 1967, the payments were made voluntarily. However, from April 13, 1967 through December 1967 the payments were made pursuant to the provisions of the Interlocutory Judgment of Divorce. The final decree of divorce between Carol and Donald Sedor was entered on March 1, 1968. Robin lived with her mother during the entire year 1967 except for approximately 58 days - 11 full weekends, 11 partial weekends and 2 seven-day vacations - during which time she stayed with her father. During 1967, Carol incurred the following expenditures on behalf of Robin and herself: Food
$1,300
Rent on 2 bedroom apartment occupied solely by Carol and Robin
1,620
Utilities, repairs and other ex- penses related to maintenance of the apartment 470
Total expenditures shared by Robin and Carol $3,390
*146 In the same period Carol incurred the following expenditures solely on behalf of Robin: Clothing
$ 100.00
Education
840.00
Medical-Dental
176.70
Travel, recreation
25.00
Haircuts
18.00
Books
37.64
Records
10.00
Christmas and birthday
30.00
presents for friends and birthday parties
10.00
Babysitters 50.00
Total
$1,297.34
In addition to his child support payments, Donald incurred the following expenditures on behalf of Robin during the time she stayed with him in 1967: Food
$ 114.00
Entertainment
50.00
Clothing
12.00
Christmas, birthday and other gifts
40.00
Babysitters
10.00
Automobile expense 23.00
Total
$ 249.00 During 1967 Robin occupied one of the two bedrooms in Carol's apartment. She also had access to all the other rooms of the apartment; i. e., Carol's bedroom, dining area, kitchen and bathroom. The $1,300 representing food expenses consists of groceries for Carol and Robin, household items for their apartment and costs for meals eaten in restaurants. Onehalf of these expenditures represented Robin's food costs. Ultimate Findings of Fact Mrs. Saltzman's household expenditures attributed to Robin *147 during 1967 were $1,695 (one-half of $3,390). Total support for Robin for 1967 was $3,241.34 ($1,695 + $1,297.34 + $249.00). Donald's contribution toward Robin's support for 1967 totalled $1,449.00. Mrs. Saltzman's contribution toward Robin's support for 1967 totalled $1,792.34 ($3,241.34-$1,449.00). Mrs. Saltzman provided over one-half of the cost of Robin's support for 1967. Opinion The principal argument made by Donald is that it is unreasonable to divide the total amount admittedly spent by Carol Saltzman in support of herself and Robin in half to determine the amount spent on Robin by Mrs. Saltzman. A subsidiary question is raised whether Donald's household expenditures are support items for the period of time Robin spent with him. 76
Donald points out Carol Saltzman spent $1,300 for food for herself and Robin. He argues that, since Robin was only between five and six years of age, ate her lunch at school during the school year, and would be entitled to special children's prices in most restaurants, it would be unreasonable to allocate $650 of the food costs to her. He contends that $300 would more nearly represent the cost of Robin's food. While we regard the amount *148 claimed by Mrs. Saltzman as spent for food for Robin to be on the high side we cannot agree that it would be as low as that argued for by the petitioner. Testing the reasonableness of food expenditures for Robin by Mrs. Saltzman against those incurred by Donald on her behalf, approximately $2.00 per day, we see that Robin's food costs could reasonably be $600. However, we believe this issue is covered by the holding of this Court in Aaron Vance, 36 T.C. 547 (1961). Here, as there, there is no contradictory evidence in the record to Mrs. Saltzman's allocation of the food costs. Donald next urges that the rental expense incurred by Mrs. Saltzman was improperly allocated one half to Robin. He claims that the rental expense allocable to the child should be the difference in rent between a one bedroom and a two bedroom apartment. The utilities would be allocated on a similar basis. He cites no authority for this position and we have found none in its support. Access to all parts of the apartment by Robin justifies a one-half allocation of the rental expense for her support. Donald has not shown that his proposed allocation of rental expenses is more realistic. Aaron Vance, supra; *149 Cf. Raymond M. McKay, 34 T.C. 1080 (1960). Donald also argues that he is entitled to claim a portion of his apartment rent and household expenditures as an item of support for Robin. These are personal expenditures which cannot be considered as elements of support. Aaron Vance, supra. We hold on this record that petitioner is not entitled to the dependency deduction claimed for Robin because he did not provide over half of her total support in 1967. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.